# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2021

Lyle W. Cayce
Clerk

No. 20-10428
Summary Calendar

Louis Fred Gonzales,

*Plaintiff—Appellant*,

*versus*

Manuel Balderas, *Captain*; Coby Neil, *Officer*; Lupe Alaniz; Wally Hatch, *District Attorney*; NFN NLN, *Police Chief of Plainview P.D.*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CV-275

Before Willett, Ho, and Duncan, *Circuit Judges*.

Per Curiam:*

Louis Fred Gonzales, most recently Texas prisoner # 2299668, appeals the district court's dismissal with prejudice of his pro se 42 U.S.C. § 1983 civil rights complaint as frivolous and for failure to state a claim upon

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10428

which relief may be granted.  We review the dismissal de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

In his complaint, Gonzales claimed, on behalf of himself and many other listed plaintiffs, that he was subjected to acts of domestic terrorism often in the form of overheard conversations or other strange sounds that were somehow broadcasted to his vicinity.  Gonzales lacks standing to assert the legal rights or interests of the third-party plaintiffs.  *See Warth v. Seldin*, 422 U.S. 490, 499 (1975).  Also, because Gonzales's allegations are delusional, the district court correctly dismissed his complaint as frivolous and for failure to state a claim upon which relief may be granted.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Because Gonzales fails to raise any issues of arguable merit, his appeal is DISMISSED as frivolous.  *See* 5TH CIR. R. 42.2; *see also Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  This dismissal and the dismissal of Gonzales's case in the district court each count as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996*), abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).  Gonzales is WARNED that, if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).